IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In Re:                                          )
                                                )
    MAURICE EDWARD HEERLEIN, JR.,    )    Case No. 05-47843-DRD
                                                )
                    Debtor.            )

## MEMORANDUM OPINION

Before the Court is a Motion to Avoid Judicial Lien pursuant to § 522(f) and Release of Garnished Wages filed by Maurice Edward Heerlein, Jr. ("Debtor"). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(K). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Debtor's Motion to Avoid Judicial Lien is overruled.

## I. FACTUAL BACKGROUND

Prior to the filing of this bankruptcy case, creditor Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund and Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund (collectively "Creditor") instituted a garnishment proceeding against Debtor. On October 3, 2005, the United States District Court for the Western District of Missouri issued an Order Directing Garnishee (Debtor's employer) to Pay Garnishment Proceeds to Plaintiffs-Garnishors (Creditor) in the amount of $1,119.03 (the "Order").[1] The Order directed the garnishee to pay the funds into the Court and, within 10 days thereafter, the Clerk of the Court to pay the funds to

---

[1] See Exhibit C attached to Creditor's Response to the Motion.

the garnishors. On October 6, 2005, Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code and filed the Motion to Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f). On October 20, 2005, the garnishment proceeds were received by Creditor.

In the Motion, Debtor referred to pre-petition garnished wages in the amount of $1,584.35. As noted in Creditor's Response, that amount was the subject of a separate order and had already been paid to Creditor prior to the filing of the bankruptcy petition by Debtor. The amount at issue in the relevant Order is $1,119.03. Debtor is seeking an exemption only as to the allowed exemption amount of $600.00.

In support of his argument that Creditor's lien should be avoided and that he is entitled to an exemption of $600, Debtor asserted that he still held an interest in the garnished funds on the date of his bankruptcy filing because a "final" order was never entered by the district court. Debtor also argued that Missouri law does not support Creditor's contention that title to the funds passes from a debtor to a creditor upon entry of an order directing that the funds be paid out to the creditor and that the case law Creditor relies on was based on a now-repealed rule (Rule 90.17 (repealed effective January 1, 1999)). Further, Debtor contended that even if title did pass to Creditor upon entry of the order to pay, Debtor still retained an equitable interest in the funds.

Creditor countered that Missouri case law that provides that title to the garnished funds passed to Creditor upon entry of the Order remains good law and that the rule referenced in those cases, although now repealed, has been encompassed by new Rule 90.10. Thus, Creditor asserted that title to the garnished funds passed to it upon entry of the Order by the district court and that Debtor no longer had an interest in the funds that would allow Debtor to avoid its lien or

claim an exemption.

## II. DISCUSSION AND LEGAL ANALYSIS

Subject to an exception not relevant here, 11 U.S.C. 522(f)(1) provides that "the debtor may avoid the fixing of a lien of *any interest of the debtor* in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . if such lien is a judicial lien." (emphasis added). The issue here is whether Debtor maintained an interest in the garnished funds at the time he filed his bankruptcy petition so that the funds are subject to exemption and the lien subject to avoidance.

Creditor relies on two cases for its contention that Debtor lost his interest in the garnished wages upon entry of the Order by the district court, which occurred prior to the bankruptcy filing. In *In re Ford*, 29 B.R. 364 (Bankr. W.D. Mo. 1983), debtors sought turnover of garnished funds as exempt property under § 522(f). The creditor contended that debtors had no "interest" in the funds which could be exempted. The Court held that "garnished funds are owned by the debtor until the court orders the funds paid over. At that point it would appear that title passes." *Ford*, 29 B.R. at 366 (citing Rule 90.17, Missouri Rules of Civil Procedure and *Shanks v. Williams, et al.*, 621 S.W.2d 372 (Mo. Ct. App. 1981)). In that case, however, no order had been entered that the funds be paid over and thus, the debtor maintained an interest in the garnished funds.

Similarly, in *In re Thomas*, 215 B.R. 873, 875 (Bankr. E.D. Mo. 1997), debtor claimed an exemption in garnished funds and the court stated that "garnished funds are owned by a judgment debtor until the court orders the funds paid over to a judgment creditor." As opposed to the case at hand, in *Thomas*, a final order that the funds be paid over to the creditor had not

been entered prior to the commencement of the bankruptcy case and thus, debtor still had an interest in the garnished funds. 215 B.R. at 875.

Although the language in those cases is less than clear, both cases cite Missouri statutory and decisional law as standing for the proposition that a debtor loses title to garnished funds once a court enters an order directing that the funds be paid to the creditor. *Accord In re Mason*, 153 B.R.8 (Bankr. D.R.I. 1993) (finding the debtor retains an interest in garnished wages *until* valid charging order entered by court); *In re Weatherspoon*, 101 B.R. 533 (Bankr. N.D. Ill. 1989) (finding termination of debtor's interest in garnished wages occurs upon court's entry of final deduction order); *In re Nunally*, 103 B.R. 376 (Bankr. D.R.I. 1989) (same); *In re Johnson*, 53 B.R. 919 (Bankr. N.D. Ill. 1985) (held debtor divested of interest in wages when court enters wage deduction order).

The Debtor argues that even if title passed to Creditor at the time the Order was entered, that is irrelevant because all that is necessary for Debtor to avoid the lien under § 522(f) is that he have an interest in the property and not full title. Debtor argues that he still retained an equitable interest in the funds and is thus entitled to avoid the judicial lien to the exempted amount of $600.00. However, Debtor failed to identify what that equitable interest is. In addition, he offers no legal authority in support of this position. In fact, as the citations above indicate, most courts hold that a debtor's interest in garnished wages terminates upon the entry of a wage deduction or charging order by the court.

Debtor also argues that Rule 90.17[2], which was cited by the *Ford* court, has been

---

[2] Rule 90.17(repealed 1999) provided: The court or jury shall find what property subject to garnishment was attached or the value thereof. The court shall order that the property be delivered to the officer or paid into court within such time as the court shall direct. Upon payment of the property into court the clerk shall disburse it, less costs, to the garnishor within fifteen days after receipt without further order of the court, unless a motion to quash

repealed and that it did not state that title passed to a creditor upon entry of an order by a court that payment be turned over. While Debtor is correct that Rule 90.17 has been repealed, this Court agrees with Creditor that new rules have been enacted that contain provisions similar to those in the repealed rule. Rules 90.10[3] and 90.11[4] encompass the provisions of repealed Rule 90.17 with the substantive change being that, under certain circumstances, an order directing the garnishee to pay garnished funds into the court or directing the court to pay such funds to a creditor within ten days is no longer required. In that regard, it appears that the Order entered by the district court on October 3 may not have been required and was superfluous. The fact that an order directing garnished funds to be paid into the court and for the court to pay the funds over to the creditor is no longer required also lends support to the proposition that an interest in the garnished funds must now pass from a debtor to a creditor at an earlier time, perhaps upon payment by the garnishee of funds into the court, which discharges the garnishee. *See* Rule 90.10(a).

Debtor further argues that the *Thomas* court determined that a "final" order must be entered in order for a debtor to lose his interest in garnished funds. *See Thomas*, 215 B.R. at 875. Debtor contends that the Order to pay over the garnished funds to the court was not a final order and that he still held an interest in the funds at the time of the bankruptcy filing. This

---

the execution or garnishment has been filed. If the property is not delivered to the officer or paid into the court within such time, the court may enter judgment against the garnishee for the value of the property.

[3] Rule 90.10 (1999) provides, in relevant part, that "[i]f the garnishee admits in its answers to interrogatories that any property subject to garnishment is in the garnishee's possession, the garnishee, **without further order of the court**, shall pay or deliver such property into court no later than ten days after the return date of the writ of garnishment or levy."

[4] Rule 90.11 (1999) provides, in relevant part, that "[w]hen a trial of issues...is not required, property paid or delivered into court under Rule 90.10(a) shall be disbursed to the garnishor by the clerk, less costs, within ten days and **without order of the court**...."

Court disagrees based upon several distinctions. First, no order at all had been entered in *Thomas* and the court may have been referring to that fact. In fact, the return date had not yet arrived as of the date of filing. Second, in garnishment cases prior to the repeal of the rules requiring an order to pay funds into the court and to the creditor, it was established law that procedurally, the order directing funds be paid into the court was an interlocutory order and the order directing the court to pay the funds to the creditor was a final order. *See, e.g., Baker v. Riss Int'l Corp.*, 573 S.W.2d 404, 405 (Mo. Ct. App. 1978). Presumably, the *Thomas* court was simply making the distinction that the order ordering the funds be paid out to the creditor (i.e., the "final" order) had not been entered. In this case, of course, such an order had been entered. Further, as noted above, the requirement of entry of such an order has been repealed and the order entered in this case may have been an unnecessary act to sever Debtor's interest in the garnished funds. Accordingly, this Court finds that Debtor lost any interest in the garnished wages no later than the entry of the Order by the district court on October 3, 2005.

      A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:  January 17, 2006         /s/ Dennis R. Dow
                                                        THE HONORABLE DENNIS R. DOW
                                                        UNITED STATES BANKRUPTCY JUDGE

Copies to:
Tracy L. Robinson
Bradley J. Sollars